**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

|  |  |  |
|---|---|---|
| SAFE STREETS ALLIANCE and NEW VISION HOTELS TWO, LLC, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) ) | No. 15-cv-00350-MSK-MJW |
| MEDICAL MARIJUANA OF THE ROCKIES, LLC, GERALD JAY OLSON, THE MANAGERS, INC., ROBERT L. HAUSSMAN, CHRISTINE VOUTOUR, DAVID KATZ, DIRK FOWLER, BANK OF THE WEST, MERCHANTS BONDING CO., ACCOUNTING SPECIALISTS, INC., and MICHAEL MASSA, | ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.*[1] | ) ) | |

**PLAINTIFF'S PLEADING IN RESPONSE TO**
**THE COURT'S ORDER OF DECEMBER 8, 2015**

In accordance with this Court's order of December 8, 2015 (Doc. 100), Plaintiff New Vision Hotels Two, LLC, states as follows:

---

[1] The Court's Order directs that the caption in this filing should include "the names of all parties to the action." Order Directing Refiling (Dec. 8, 2015), Doc. 100. The caption appearing above includes all parties named in the Complaint with the exception of John Doe 1, who this Court previously ordered "shall be removed from the caption in all future filings." Courtroom Minutes / Minute Order (June 10, 2015), Doc. 73 ("Doc. 73"). However, as explained elsewhere in this filing, all but four of the parties named in the Complaint were terminated before Plaintiff New Vision Hotels Two filed its Notice of Voluntary Dismissal on November 19, 2015. As of that date, the only parties that remained were Plaintiff New Vision Hotels Two and Defendants Medical Marijuana of the Rockies, LLC, Gerald Jay Olson, and David Katz.

1

1.	On November 19, 2015, Plaintiff filed a Notice of Voluntary Dismissal dismissing all remaining claims against all remaining Defendants in this action.  Plaintiff filed this Notice before any of the Defendants served an answer or motion for summary judgment.  Accordingly, under Federal Rule of Civil Procedure 41(a)(1)(A)(i), this action should be deemed to have terminated upon the filing of Plaintiff's Notice.  FED. R. CIV. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."); *see Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968) (explaining that this provision of Rule 41 "provide[s] a means for terminating an action automatically by filing with the clerk a notice of dismissal.  That notice closes the file; no order of the court is needed.") (footnote omitted).  Since this action has terminated, no trial will be necessary.

2.	Plaintiff's November 19, 2015 Notice dismissed all Defendants that remained in this action: Medical Marijuana of the Rockies, LLC, Gerald Jay Olson, and David Katz.  All other Defendants that appeared in the original case caption had been previously dismissed.  Magistrate Judge Watanabe dismissed Defendant John Doe 1 from this action during the June 10, 2015 scheduling conference.  *See* Doc. 73. In accordance with Rule 68, the Court entered judgment against three other Defendants: Merchants Bonding Co. (Doc. 89), Accounting Specialists, Inc. (Doc. 96), and Michael Massa (Doc. 96).  Plaintiff voluntarily dismissed its claims against Bank of the West (Doc. 9), Dirk Fowler (Doc. 37), The Managers, Inc. (Doc. 44), Robert L. Haussman (Doc. 44), and Christine Voutour (Doc. 44).  No Defendants remain in this action.

3. Plaintiff's Notice dismissed all remaining counts of its complaint: Count I ("Violation of 18 U.S.C. § 1962(c) Against Summit Marijuana, Olson, John Doe 1, The Managers, Haussman, and Voutour"), Count II ("Violation of 18 U.S.C. § 1962(d) Against All Defendants"), Count III ("Violation of 18 U.S.C. § 1962(c) Against Olson"), and Count IV ("Violation of 18 U.S.C. § 1962(d) Against Olson, John Doe 1, Katz, Fowler, Accounting Specialists, Massa, Merchants Bonding, and Bank of the West"). Plaintiff previously dismissed Count V ("Violation of 18 U.S.C. § 1962(c) Against Haussman and Voutour") when it voluntarily dismissed its claims against the defendants named in that count. *See* Doc. 44. No claims remain in this action.

4. In light of the termination of this action, all previously pending motions are moot. The Court need not rule on the Defendants' motions to dismiss, which appear on the Court's docket as entries 45, 49, 50, and 52. Nor is it necessary for the Court to rule on Plaintiff's motion for summary judgment, Doc. 72.

Date: December 10, 2015

*Of Counsel*:
Charles J. Cooper
Peter A. Patterson
Brian W. Barnes
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

Respectfully submitted,

s/ David H. Thompson
David H. Thompson
*Counsel of Record*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

*Counsel for Plaintiff New Vision Hotels Two, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to attorneys for all parties in this case.

s/ Brian W. Barnes
Brian W. Barnes